IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　Plaintiff,<br><br>　　　v.<br><br><br>BRYSON MCNEAL MILLER,<br>　　　　Defendant. | CASE NO.:1:20-cr-00200-CMH |

**DEFENDANT'S POSITION ON SENTENCING**

Your Defendant, BRYSON MCNEAL MILLER, by counsel, requests a sentence of sixty (60) months' incarceration, which is a sentence sufficient, but not greater than necessary, for Mr. Miller's crimes.

### I.　Mr. Miller suffered from ongoing depression.

As noted in the Presentence Investigation Report, Mr. Miller suffered from ongoing and long-term depression. He was dramatically impacted by the POW survival training he undertook with the military. Obviously, his previous conviction and discharge from the military had a dramatic effect on his life. He suffered through a series of deaths of friends. His father contracted cancer and went through a rigorous treatment process. As a convicted felon, Mr. Miller was told repeatedly he would never amount to anything in his life. From his conviction until his arrest on the present charges, Mr. Miller often felt that through willpower and determination, he could overcome his anxiety and depression.

He served 13 months of incarceration for his previous conviction and a subsequent year on post-release supervision. During that year, Mr. Miller engaged in the required group sex

offender counseling program. Mr. Miller relates that the group setting never allowed him to process his own feelings, desires, or thought processes, as discussions could be dominated by other individuals. Listening to others also permitted Mr. Miller to focus on their circumstances and feel empathy for them rather than focus on his own. He states that while he successfully completed the program, it did not adequately address any of the underlying issues that led him to viewing and possessing child pornographic material.

His failure to include the martial arts studio job in his sex offender registry was also linked to those consistent voices telling him that he could not succeed in life as a felon and sex offender. He originally began taking martial arts as a student to find constructive ways to focus his mind, body, and spirit. He found that he was skilled in kung-fu and tai-chi and before long, other students were seeking him out for advice and instruction. He began to volunteer to assist with teaching and coaching. Over time, this grew into a paid position. He admits his fault in not listing this position as he was supposed to do; however, he did not do so maliciously.

> II. **Mr. Miller's use of child pornographic material was a form of retreat from dealing with his problems.**

Mr. Miller wrongly believed that he was alone in struggling with his depression. He also believed that he could overcome these issues on his own. He never set out to amass a trove of child pornographic material. When he would retreat into a depressive funk, he would return to this old predilection, go onto the internet and obtain pornographic materials of all sorts. These files he would download and save on various devices. The government's program for accessing Mr. Miller's various hard drives and identifying these unlawful files has the capacity for identifying the date of the download as well as the date of its last access. It is the defense's understanding that many, if not most, of these files had not been accessed or viewed much longer

after the date of download. That information would corroborate Mr. Miller's contention that these were acts of weakness accumulated over time, rather than specific images for self-gratification.

Mr. Miller compartmentalized this area of his life as much as possible. He recognized that he needed healthy outlets, and he needed a better way to manage his depression. So while seemingly paradoxical, Mr. Miller began to become almost obsessive with personal wellness. He advanced through the ranks of kung-fu, achieving the rank of third-degree black belt in eight years. He also achieved the rank of first-degree black belt in tai chi.

Mr. Miller co-authored a book titled *Life Should Be Simple and Easy* with Dr. Conrad Aquino, which was well-received and earned significant recognition. A copy of the book's cover is attached as *Exhibit 1*. This partnership led to the formation of a nonprofit to help other people dealing with depression or overwhelming life circumstances. He started to schedule events where he could lecture on these areas. Mr. Miller discovered a passion for helping others, whether it was in the martial arts or in the area of personal wellness. But just as with the group therapy during his year on probation, he was able to avoid his own problems by focusing on the needs of others.

Mr. Miller clearly sees the horror that this imbalance and compartmentalization has brought him to. He has lost much of the gains he has achieved over the course of the last 16 years. He knows that he only has himself to blame. He was gainfully employed and respected by his employers and colleagues; however, he continues to have a tremendous amount of respect and support from his martial arts community. He was not alone in his struggles before, and his many friends, acquaintances, and especially his family, continue to support him even through his current circumstances. Please see the support letters collectively attached as *Exhibit 2*.

### III. Mr. Miller's future plans focus on his own personal wellness as well as those of others.

Mr. Miller faces a mandatory minimum five-year incarceration. He plans to make the most of every moment of his incarceration. He will avail himself of any educational programs that exist in the facility where he spends his incarceration. He wants to receive as much counseling, therapy, and treatment that will be available to him, with the hope of accessing personalized therapy as opposed to only participating in group therapy. He wishes to receive any life skills training or other similar programs that may be available. He also wishes to continue to write. Prior to his arrest, Mr. Miller had been working on a series of books that he would write and illustrate extolling the virtues of healthy living for both adults and children. He wants to continue to explore these ideas and continue to write and publish. Finally, he wishes to be a positive influence and assist other inmates who may be experiencing similar depression or hopelessness.

Once he is released from incarceration, Mr. Miller knows he has significant work to accomplish. Whatever therapy or counseling is achieved in prison, he knows he needs to continue throughout his life. He understands that he must be vigilant to fighting his weaknesses and never assume that a problem no longer exists. He understands he needs to follow every rule of his sex offender status. He will continue to write. He will gain employment. And most importantly, he will look to rebuild and repair relationships that his decisions have harmed.

### IV. Sixty months incarceration is a sentence sufficient, but not greater than necessary, to punish Mr. Miller for his crimes.

Mr. Miller committed serious offenses, and he expects to do penance for it through incarceration. He has already experienced significant anguish because he has suffered harm to his reputation, he has caused difficult circumstances for his family, his girlfriend, and his friends.

He has caused financial strain on his family who are attempting to keep his mortgage paid and not default on any financial obligations. He knows that despite his knowledge and desire to promote a healthy lifestyle for others, he can no longer pretend that his advice is just for others and not applicable to himself. He used child pornography as a salve and retreat from dealing with his life's problems, and he knows that leads to a destructive end for himself and for those loved ones in his life.

However, Mr. Miller is certainly redeemable. He maintains his honorable goals and hopes to strive for them using honorable avenues, seeing good in not only the ends but also the means. Despite the many years of depression, loneliness, and hopeless feelings, he has never given up on himself. He has always considered himself to be a person who can be relied upon by anyone for anything. These character traits are exemplified by the number of people who have written letters of support to let the Court know that Mr. Miller is a person of overall high character. These positive character qualities are the same qualities that would make him successful during any term of probation supervision.

Sixty months would also be a sufficient time for the Court to send a message that Mr. Miller's conduct is not acceptable in a lawful and peaceful society. It would give him sufficient time to separate from society and begin the process of treatment and mind change that will set him up for success upon his release from incarceration.

As in many cases, the applicable Sentencing Guideline range fails to consider the statutory factors in 18 U.S.C. § 3553 that the Court must consider in deciding its sentence for Mr. Miller. It does not consider the history and characteristics of Mr. Miller, which are described above, in the attached exhibits, and in the Pre-Sentence Investigation Report. The

Guideline range also does not consider Mr. Miller's depression that created the openings for him to pursue his illegal behavior.

For all of these reasons, a sentence of sixty months of incarceration is sufficient but not greater than necessary to punish Mr. Miller for his crimes.

Dated February 12, 2021                Respectfully Submitted,
                                       BRYSON MCNEAL MILLER
                                       By Counsel


/s/ Benjamin N. Griffitts
_____
Benjamin N. Griffitts, Esquire (VSB#68201)
Robinson Law, PLLC
10486 Armstrong Street
Fairfax, Virginia 22030
Office:  888.259.9787
Fax:  800.783.4389
Email: BNG@LawyerUpVirginia.com
***Counsel for Defendant***

## **CERTIFICATE OF SERVICE**

 I hereby certify that on February 12, 2021, I caused the foregoing to be filed through the CM/ECF system which will send a Notice of Electronic Filing to the following:

 Seth Schlessinger, Esq.
 Assistant United States Attorneys
 2100 Jamieson Avenue
 Alexandria, VA 22314
 Seth.Schlessinger@usdoj.gov
 *Counsel for United States of America*

 I further certify that on February 12, 2021, I emailed a copy of the foregoing, and its attachments, to the U.S. Probation Officer in this matter as follows:

 Rachael Meyer
 U.S. Probation Officer
 Eastern District of Virginia
 Rachael_Meyer@vaep.uscourts.gov

/s/ Benjamin N. Griffitts
_____
Benjamin N. Griffitts, Esquire (VSB#68201)
Robinson Law, PLLC
10486 Armstrong Street
Fairfax, Virginia 22030
Office:  888.259.9787
Fax:  800.783.4389
Email: BNG@LawyerUpVirginia.com
***Counsel for Defendant***